UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAVAS SEVEN ,

                    Petitioner,

        v.

TODD BLANCE, et al.,

                    Respondent.

CASE NO.  2:26-cv-01234-BAT

**ORDER GRANTING HABEAS RELIEF AND ORDERING RELEASE**

Petitioner filed a 28 U.S.C. § 2241 habeas petition requesting he be immediately released from immigration detention and Respondents be enjoined from removing him to a third country. Dkt. 1. For the reasons below, the Court **GRANTS** the petition as follows.

1.        Respondents have detained Petitioner, a national of Turkey, since December 17, 2024. Following detention, Petitioner claimed fear of removal to Turkey and an Immigration Judge granted Petitioner withholding of removal.

2.        Because Petitioner cannot be removed to Turkey, Respondents tried to persuade him to agree to removal to a third county. Petitioner indicated he has no family or connections to a third country and wished to remain in the United States. Respondents acknowledge "withholding of removal" is a protection that prohibits them from removing Petitioner to a third country where he may be persecuted or tortured, or where the person would be mistreated in

ORDER GRANTING HABEAS RELIEF AND
ORDERING RELEASE - 1

violation of Convention against Torture (CAT).

3.    Petitioner has been detained for 17 months and contends as removal is not reasonably foreseeable, his continued detention violates *Zadvydas v. Davis,* 533 U.S. 678 (2001). Respondents disagree arguing *Zadvydas'* protections are flexible and since July 17, 2025, Respondents have tried to remove Petitioner, including removal to a third country.

4.    There is no doubt Petitioner's 17-month detention is prolonged. Respondents suggest Petitioner has been detained for a prolonged time because he will not agree to be removed to a third country. There is no evidence Petitioner has engaged in misconduct of any kind and the Court will not fault him for seeking to remain in the United States when Respondents are attempting to remove him to a third country where he lacks any ties.

5.    There is also no evidence Petitioner will be removed in the reasonably foreseeable future. Respondents claim they have been attempting to remove Petitioner since July 2025. They present no facts showing any progress in their attempt and thus no facts showing removal will occur within the reasonably foreseeable future. Rather, Respondents have made insufficient generalizations regarding the likelihood that removal will occur. *See Singh v. Gonzales*, 448 F. Supp. 2d 1214, 1220 (W.D. Wash. 2006). The Court finds the records shows there is no significant likelihood of removal in the reasonably foreseeable future, Petitioners' continued detention is thus unlawful, and he must be released.

6.    Petitioners also seek prospective injunctive relief barring Respondents from (1) removing him to a third country without notice and meaningful opportunity to respond in reopened removal proceedings; and (2) removing Petitioner to a third country if the third country's removal program imposes unconstitutional punishment such as imprisonment. Respondent does not argue Petitioner's position lacks merit. Rather they argue injunctive relief is

ORDER GRANTING HABEAS RELIEF AND
ORDERING RELEASE - 2

not ripe because Respondents have not found a third country that will accept Petitioner; injunctive relief lies outside the core relief available in a habeas action (release); and Petitioner is just speculating he may be removed to a country that will imprison him or inflict some other harm.

7.     Because Petitioner's claims invoke the Court's habeas and federal question jurisdiction, the Court may provide equitable relief if Petitioner meets the standard for a permanent injunction. *See Roman v. Wolf*, 977 F.3d 935, 941–42 (9th Cir. 2020). As Respondents aver they seek to remove Petitioner to a third country, relief from such removal is not speculative or premature. In seeking removal to a third country, Respondents must comply both with the INA and the Due Process Clause. *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1019 (W.D. Wash. 2019); *Kumar v. Wamsley*, 817 F.Supp.3d 1059, 2025 WL 3204724, at *2 (W.D. Wash. Nov. 17 2025) (explaining such designations "are subject to the same mandatory protections that exist in removal proceedings.").

Due process requires Respondents to provide sufficient notice and a meaningful opportunity for Petitioner to present any claim of fear of persecution or harm upon removal to a designated third country. *Id*. The INA prohibits ICE from removing a noncitizen to any country where their "life or freedom would be threatened ... because of [their] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Respondents must "make a determination regarding a noncitizen's claim of fear before deporting him." *Aden*, 409 F. Supp. 3d at 1010; 8 U.S.C. § 1231(b)(3)(A). Courts in this district have held if a noncitizen claims fear of removal to a designated third country, the Government must allow them to pursue withholding of removal through reopened removal proceedings before an Immigration Judge. *Aden*, 409 F. Supp. 3d at 1011; *Nguyen v. Scott*, 796 F. Supp. 3d 703, 739

ORDER GRANTING HABEAS RELIEF AND
ORDERING RELEASE - 3

(W.D. Wash. Aug. 21, 2025). The Court notes in *Le v. Bondi*, --F.Supp.3d --, 2026 WL 309239 (W.D. Wash. Feb. 5, 2026), the court granted injunctive relief on the grounds Respondents' policies allow third country removal without notice and an opportunity to be heard.

As to punitive removals to a third country, the court in *Hambarsonpour v. Bondi*, 2025 WL 3251155 at * 5 (W.D. Wash. Nov. 21, 2025) found the dangers of punitive removal to a third country was not speculative and ordered "respondents here not to remove petitioner to any third county where he is likely to face imprisonment of harm."

In many respects, Petitioner's request for injunctive relief asks for nothing more than what the law already requires. Accordingly, the Court finds injunctive relief should be granted.

<strong>CONCLUSION</strong>

For the foregoing reasons, the Court **ORDERS**:

1. The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **GRANTED**. Respondents shall release Petitioner from detention within 24 hours of the time and date this Order and shall file a certification within 48 hours of the date and time of this order.

2. Respondents shall not seek to remove Petitioner to a third country without prior notice and a meaningful opportunity to respond and shall not remove Petitioner to a third country that will impose unconstitutional punishment including imprisonment or physical harm. Petitioner may apply for EAJA fees and costs consistent with the requirements of the statute.

DATED this 12th day of May, 2026.

_____

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING HABEAS RELIEF AND
ORDERING RELEASE - 4